## Sammons v. Grafonola Shops, Inc.

*Malicious prosecution—Bailment—Payment after arrest—Continuance of the criminal proceedings—Malice.*

Where the bailee has misappropriated the article bailed, and after arrest has paid the claim in full, but the criminal prosecution has been continued by the bailor, resulting in the acquittal of the bailee, the bailor will be liable in an action for malicious prosecution if it appears that he declined to discontinue the criminal proceedings because the bailee refused to waive his claim for damages for false arrest.

Motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., Sept. T., 1919, No. 1643.

J. M. Thissell, for plaintiff; A. Conn, for defendant.

PER CURIAM, April 9, 1923.—Plaintiff leased a grafonola from defendant. The contract provided for a valuation of $90.10 and a rent of $6 to be paid monthly until the sum agreed upon as the value was paid, when defendant agreed to deliver to plaintiff a bill of sale for the grafonola. The agreement stipulated that title should remain in the defendant until the full price was paid by plaintiff, that the grafonola should not be removed from the residence of plaintiff without the written consent of defendant, and in case of default defendant would return the grafonola.

3 D. & C.

After making several payments of rent, plaintiff sold the grafonola and ignored demands made by defendant for payment of the balance due or to return the grafonola.

He was arrested upon a warrant sworn to by an agent of the defendant, charging larceny as bailee and receiving stolen goods, and was locked up over night. At a hearing before the magistrate, he was held for court and permitted to enter his own bail bond.

Before the hearing, plaintiff paid the full amount of the balance of rent, which entitled him to become the owner of the grafonola.

Upon the refusal of plaintiff to sign an agreement releasing defendant from any claim for damages arising from the arrest, the prosecution proceeded. The case was returned to court; plaintiff was tried and acquitted.

He instituted this suit to recover damages for malicious prosecution and false arrest.

The statement of claim alleged that the prosecution was instituted and conducted by the duly authorized agents of defendant. This was not denied, and was supported by the evidence at the trial. Whatever justification there may have been for commencing the criminal proceeding, the continued prosecution after plaintiff paid the claim in full, avowedly conducted because he was unwilling to release his claim for damages, was clear evidence of malice.

Plaintiff was obliged to incur expense in the preparation of his defence.

The testimony fully substantiated the claim that the prosecution was instituted for the sole purpose of collecting the money he owed defendant; the verdict was reasonable in amount, and the facts proved do not permit of the entry of judgment n. o. v. Motion refused.